**John W. PEROTTI, Plaintiff–Appellant,**

v.

**Reginald A. WILKINSON, et al., Defendants–Appellees.**

No. 03–3016.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2004.

John W. Perotti, Cleveland, OH, pro se.

Marianne Pressman, Office of the Attorney General, Federal Litigation Section, Cincinnati, OH, Stuart W. Harris, Kegler, Brown, Hill & Ritter, Columbus, OH, for Defendants–Appellees.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

## ORDER

John W. Perotti moves for the appointment of counsel on appeal from a district court order that denied his Fed.R.Civ.P. 60 motion in which he sought relief from an earlier district court order that imposed the appellate filing fee in an underlying appeal from the district court's final judgment in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Perotti filed a civil rights complaint in the district court on January 4, 2002, alleging that the defendant Ohio prison officials violated his civil rights. Perotti filed an amended complaint, and subsequently filed a motion for leave to file a second amended complaint. The district court granted in part Perotti's motion for leave to file another amended complaint and denied the motion in part, and Perotti filed a notice of appeal. On May 7, 2002, the district court ordered Perotti to pay the appellate filing fee or file a motion for leave to proceed in forma pauperis. Before Perotti took either action, this court granted Perotti's motion to voluntarily dismiss the appeal. *Perotti v. Wilkinson,* No. 02–3513 (6th Cir. May 29, 2002) (unpublished).

Thereafter, the district court granted defendants' motions for judgment on the pleadings and for summary judgment and entered judgment accordingly on June 21, 2002. Perotti filed a timely notice of appeal, and the district court again ordered Perotti to pay the appellate filing fee or file a motion for leave to proceed in forma pauperis. The record reflects that Perotti submitted a partial payment of the filing fee to the district court clerk, and the district court then assessed the entire filing fee with credit granted for the partial payment against Perotti's prison account on September 17, 2002. Shortly thereafter, this court dismissed Perotti's appeal for want of prosecution. *Perotti v. Wilkinson,* No. 02–3802 (6th Cir. Sept. 23, 2002) (unpublished).

On September 26, 2002, Perotti served a motion for relief from the district court's order assessing the entire filing fee pursuant to Fed.R.Civ.P. 60. The district court denied the motion as meritless. Perotti filed a timely notice of appeal. On appeal, Perotti contends that the district court improperly imposed a second appellate filing fee in this appeal because he intended

his notice of appeal in this case to be an amended notice of appeal pursuant to the Federal Rules of Appellate Procedure.

■ Upon consideration, we deny the motion for counsel, and affirm the district court's order because Perotti's claim on appeal lacks merit. Under the Prison Litigation Reform Act, a prisoner bringing a civil action in forma pauperis must file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a). If the prisoner does not pay the full filing fee and fails to provide the required documentation to proceed in forma pauperis, "the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir.1997). "If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper," assess the full filing fee, and dismiss the case for want of prosecution. *Id.* Here, although the record reflects confusion regarding Perotti's payment of the appellate filing fees in this case, the district court properly fulfilled its obligation to assess the appellate filing fees in Perotti's appeals.

■ Further, Perotti's claim on appeal that no appellate filing fee is due because his notice of appeal was intended to be an amended notice of appeal lacks merit. Generally, Fed. R.App. P. 4(a)(4)(B)(ii) provides that a party may challenge a district court order disposing of a Fed. R.Civ.P. 60 motion by filing an amended notice of appeal. Fed. R.App. P. 4(a)(4)(B)(iii) provides that no additional appellate filing fee is required when an amended notice of appeal is filed. However, none of Perotti's notices of appeal can be construed as an amended notice of appeal. First, Perotti voluntarily dismissed his initial interlocutory appeal before he paid any appellate filing fee and before the district court entered its final judgment granting summary judgment for defendants. Similarly, Perotti's notice of appeal taken from the district court's order that denied his motion for relief from the earlier imposition of the appellate filing fee was not filed until after this court dismissed Perotti's underlying appeal for want of prosecution. Under these circumstances, none of Perotti's notices of appeal can be construed as an amended notice of appeal.

For the foregoing reasons, the motion for counsel is denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C). Rules of the Sixth Circuit.